UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00258-DJH

**LARRY BOND**                                                                                          **PLAINTIFF**

**VS.**

**FORD MOTOR COMPANY**                                                                  **DEFENDANT**

### REPORT AND RECOMMENDATION

The Court held an in-person show-cause hearing on May 12, 2025, at 1:30 PM. Keanna Cohen and R. Thad Keal appeared on behalf of Defendant Ford Motor Company. Plaintiff did not appear.[1] The hearing was electronically recorded.

I. Background

On February 7, 2025, Plaintiff's Counsel moved to withdraw from representing Plaintiff in this action due to Plaintiff's ongoing failure to communicate. (DN 21). According to his Counsel, they last had contact with Plaintiff in December of 2024. (*Id.*). Counsel further explained that Plaintiff had failed to provide any responsive documents to Defendant's discovery requests. (*Id.*). Counsel's Motion included the last known email address and mailing address for Plaintiff. (*Id.*). The Court granted Plaintiff's Counsel's Motion and gave the Plaintiff thirty days to notify the Court in writing of his intention to retain new counsel or proceed *pro se* in the matter. (DN 23). The Court sent a copy of this Order to the address Counsel provided for Plaintiff by U.S. Mail and email. (*Id.*). The mailed copy was returned to the Court as undeliverable. (DN 25).

After thirty days passed without Plaintiff filing anything in the record, the Court entered another Order, giving Plaintiff fourteen additional days to retain new counsel and file a written

---

[1] The Court gave Plaintiff fifteen additional minutes from the start time of the hearing to appear; he did not.

report in the record indicating such intent. (DN 24). The Court warned Plaintiff that if he failed to file a written report within fourteen days and no counsel entered an appearance on his behalf, the Court would presume Plaintiff was proceeding *pro se* and would schedule a conference. (*Id.*). Again, a copy of this Order was mailed to Plaintiff by U.S. Mail and email. And the mailed copy was once more returned to the Court as undeliverable. (DN 26).

Based on Plaintiff's failures, the Court next scheduled an in-person show-cause hearing. (DN 27). The Court's Order required Plaintiff to attend the hearing to show-cause for his failure to comply with Court Orders and failure to otherwise participate in the litigation. (*Id.*). The Court warned that if Plaintiff failed to appear for the show-cause hearing, the undersigned would issue a recommendation to the District Judge that the matter be dismissed based on Plaintiff's failure to prosecute. (*Id.*). A copy of this Order was sent to Plaintiff via certified mail but was returned as undeliverable. (DN 29).

## II. Legal Standard

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Though Rule 41(b) does not expressly provide for a *sua sponte* dismissal based on a plaintiff's failure to prosecute, it is well settled that district courts can enter *sua sponte* orders of dismissal under Rule 41(b). *Rogers v. City of Warren*, 302 F. App'x 371, 375, 2008 WL 5054337 (6th Cir. 2008) (quoting *Link*, 370 U.S. at 630). When contemplating dismissal under Ruel 41(b), the court must consider the following factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

### III. Analysis

In this case, Plaintiff has repeatedly failed to participate in the litigation. His counsel withdrew based on Plaintiff's lack of communication. He failed to retain new counsel or file status reports in the record, as required by the Court's Orders at DN 23 and DN 24. And, most critically, Plaintiff failed to appear at the show-cause hearing on May 12, 2025.

While Plaintiff likely did not receive copies of the Court's Orders based on such mail being returned as undeliverable, Plaintiff has made no effort to contact the Court and provide an updated address. A *pro se* plaintiff has an affirmative duty to notify the Court of any change in address.[2] *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address"). Indeed, a plaintiff's failure to supply the Court with an updated address may serve as cause for dismissal under Rule 41(b). *See Stephens v. Page*, No. 2:24-cv-35, 2024 WL 2701961, at *1 (S.D. Ohio May 24, 2024) (citing *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.")).

The *Stough* factors weigh in favor of dismissal. Plaintiff's failure to update his address constitutes willfulness or fault "because it demonstrates reckless disregard for how his actions or

---

[2] The Court additionally made independent efforts to locate an updated address for Plaintiff but was unsuccessful.

3

inactions, impact his case." *Stephens*, 2024 WL 27091961, at *2 (citing *Wu v. T.W. Tang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). The second factor is neutral since the case is still in its early stages. *Id.* As reported by Defendant during the show-cause hearing, discovery was issued but never responded to. Third, the Court's Order scheduling the show-cause hearing explicitly warned that Plaintiff's failure to appear for the hearing would result in the undersigned issuing "a recommendation to the District Judge that the matter be dismissed based on Plaintiff's failure to prosecute. (DN 27). Even though the mail was returned as undeliverable, the Court nevertheless attempted to warn Plaintiff of potential consequences for noncompliance. Finally, no less drastic sanctions would be appropriate under the circumstances. "Any other sanction that the Court might impose would not reach Plaintiff because he has left the Court with no means of contacting him." *Stephens*, 2024 WL 27091961, at *2 (citing *Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360, at *2 (E.D. Tenn. Oct. 19, 2006)). Moreover, Plaintiff's failure to comply with at least three Court Orders and participate in his case for months warrants dismissal as a sanction.

IV. Recommendation

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Copies:   Counsel of Record
          Plaintiff, *pro se*

0|15

## NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).